WOODROW M. MELVIN (Ret.), Associate Judge,
concurring and dissenting.
I respectfully enter my dissent. The majority opinion sustains the findings of the able trial judge that:
(1) The process by which the Board of County Commissioners adopted a budget for the comptroller involved improper “delegation” of decision making to subordinate county employees; (2) the rationale for the funding decision is arbitrary; and (3) the level at which the comptroller’s budget is funded will unreasonably impair the comptroller’s ability to fulfill his constitutional or statutory obligations. I join the majority in approving the conclusion of the trial court. This court, having reached that determination, would then remand the cause to the trial court with directions to remand it to the Board of County Commissioners for further consideration. This lead-footed process commands a useless waste of time, a harmful continuation of the arbitrary budget restraints that prevent the comptroller from presently discharging fully the constitutional duties of his office, not the least of which is to audit the Board of County Commissioners.
The trial court found, and we agree, that the Board of County Commissioners dealt with the comptroller in an arbitrary manner. The bottom line issue is, in such posture of arbitrary and irresponsible conduct on the part of the Board, may the trial court by mandamus correct the situation. It is my view that under the facts of this case mandamus is proper. Based on this record, I find no basis to assume that the officer upon remand of the cause could receive fair and impartial consideration.
The trial court correctly decided the cause and I would affirm.